## IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
## CIVIL DIVISION

Moshe Scheinbach
284 Olentangy Street
Columbus, OH 43202

        Plaintiff,

    v.

Neutron Holdings, Inc.
dba Lime
c/o CT Corporation System
4400 Easton Commons Way
Suite 125
Columbus, OH 43219

    and

John Doe(s)
Current address(es)
and identity(ies) unknown

        Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CASE NO.

JUDGE

**JURY DEMAND ENDORSED HEREON**

### COMPLAINT

    Plaintiff, Moshe Scheinbach, ("Plaintiff"), who, as more fully set forth herein, was injured on September 28, 2018, for his Complaint, states as follows:

**PARTIES AND BACKGROUND:**

1.   At all times hereinafter mentioned, Defendant(s) John Doe(s) ('Defendant Doe") whose current identity(ies) and address(es) is/are unknown, but whose addresses are reasonably expected to be in Franklin County, Ohio, was/were the employee(s) and/or servant(s) and/or agents and/or independent contractors of Defendant Neutron Holdings, Inc dba Lime ("Defendant Lime"), a Delaware corporation licensed and doing business in Franklin County and elsewhere in

1

Ohio. Defendant Lime's webpage identifies Columbus, Ohio, as a location in which it does business and deploys its scooters as described below. (https:www.li.me/locations)

2. Defendant Lime is the owner and operator of dockless electric scooters which it deploys or causes to be deployed throughout Franklin County, Ohio, and elsewhere in the United States and overseas.

3. The scooters are a "product" as defined in RC §2307.71(A)(12) within the meaning of The Products Liability Act,. Ohio Revised Code §2307.71 through §2307.80.

4. Defendant Lime is a "supplier" as defined in RC §2307.71(A)(15) within the meaning of The Products Liability Act, Ohio Revised Code §2307.71 through §2307.80.

5. Defendant Lime is a "manufacturer" as defined in RC §2307.78(B)(7) or elsewhere of The Products Liability Act, Ohio Revised Code §2307.71 through §2307.80.

6. Defendant Lime as a supplier, producer, rebuilder, tester, marketer and/or manufacturer placed the scooter(s) into the stream of commerce, and expected said scooter(s) to reach Plaintiff without change in the condition in which they were originally sold or deployed.

7. Plaintiff is a resident of Columbus, Franklin County, Ohio, who, on or about September 28, 2018, was the operator of a scooter deployed by Defendant Lime and/or Defendant Doe(s).

8. The scooters deployed by Defendant(s) Lime and/or Doe(s) are controlled by accessing an App created and/or maintained by Defendant Lime for the purpose of the public using and operating the scooters which it deploys in Franklin County, Ohio and elsewhere.

9. The scooters have no seats or foot pedals and are powered by electric rechargeable batteries.

10. The operator(s) of scooters deployed by Defendant Lime(s) and/or Doe(s) stand on a platform mounted on wheels ("baseboard") and hold onto a handlebar that is attached to or molded into the baseboard.

11. Defendant Doe(s) is/are/include "juicers" who, on behalf of Defendant Lime, nightly pick up from the streets of Franklin County, Ohio, and elsewhere where they are deployed, electric scooters placed by Defendant Lime and re-charge the electric scooters owned and operated by Defendant Lime, returning them the next day to the streets of Franklin County, Ohio and elsewhere.

12. Defendant Doe(s) is/are/include maintenance personnel employed by Defendant Lime to examine, repair and maintain the scooters deployed in Franklin County, Ohio, and elsewhere.

13. Defendant Doe(s) duties, include, inspecting the scooters for damage, needed repairs or maintenance.

14. Defendant Doe(s) duties, upon information and belief, include taking damaged scooters or scooters in need of repair out of service and off the streets of Franklin County, Ohio, and elsewhere.

15. Since Defendant(s) Lime and/or Doe(s) began deploying scooters in Franklin County, Ohio, and elsewhere, there have been a number of reports of injuries suffered by operators of the scooters.

16. The scooters as deployed by Defendant Lime, including, but not limited to, the scooter provided to Plaintiff, were defectively designed and/or manufactured and/or were defective when deployed by Defendant Lime and/or were defective due to inadequate warning or instruction in violation of, among others, §2307.73, §2307.74, §2307.75, and §2307.76 of The Products Liability Act, Ohio Revised Code §2307.71 through §2307.80.

17. Scooter operators have reported injuries resulting from equipment failures. See, e.g. Peter Holley, *Lime scooter riders are being injured by 'sudden excessive braking,' company says*, WASHINGTON POST (Feb. 25, 2019), https://www.washingtonpost.com/technology/2019/02/25/lime-scooter-riders-are-being-injured-by-sudden-excessive-braking-compnay-admits/; Arman Azad, *That electric scooter might be fun. It also might be deadly,* CNN, Oct. 1, 2018, htttps://www.cnn.com/2018/09/29/health/scooter-injuries/index.html.; See, Ryan Felton, E-Scooter Ride-Share Industry leaves Injuries and Angered Cities in its path, CONSUMER REPORTS, Feb. 5, 2019, https://www.consumer reports.org/product-safety/e-scooter-ride-share-industry-leave-injuries-and-angered-sities-in-its-path/; Plan on hopping on a scooter? Watch Yourself. COLUMBUS DISPATCH, Dec. 30, 2019, https://www.dispatch.com/news/20191228/plan-on-hopping-on-scooter-watch-yourself.

4

18. A July 2019 Consumer Reports investigation stated that there had been eight deaths related to scooter accidents and thousands of injuries. See, https://consumerreports.org/product-safety/deaths-tied-to-e-scooters/.

19. Science News has reported a 222% increase in injuries related to scooters during the period 2014-2018. See, https://scinecenews/org/article/electric-scooter-injuries-rose-222-percent-4-years-united-states.

20. During operation of the scooter the baseboard should remain intact and not break or separate.

21. The baseboard of the scooter being operated by Plaintiff broke as more fully described herein.

22. The scooter was in a defective condition when deployed by Defendant Lime and/or Defendant Doe(s) and when provided for Plaintiff's use.

23. Operators of scooters deployed by Defendant(s) Lime and/or Doe(s) and others have been injured when the scooter suffered structural failure(s) including, but not limited to, the baseboard on which the operator stands breaking or separating.

24. Defendant(s) Lime and/or Doe(s) knew or should have known prior to September 28, 2018, of the injuries caused by the structural failure(s) of the scooters.

25. The deployment of scooters of the type deployed by Defendant(s) Lime and/or Doe(s), and as deployed by Defendant(s) Lime and/or Doe(s) have been banned or restricted in some cities in the United States and elsewhere.

5

26. Prior to September 28, 2018, Defendant(s) Lime and/or Doe(s) knew or should have known that scooters deployed and maintained by Defendant(s) Lime and/or Doe(s) were subject of recalls by the Consumer Product Safety Commission.

27. Prior to September 28, 2018, Defendant(s) Lime and/or Doe(s) knew or should have known that scooters deployed and maintained by Defendant(s) Lime and/or Doe(s) were recalled due to the fact that the scooters were suffering structural failures including, but no limited to, baseboards breaking or separating at or near where the operator stands and that at the time of the failure the operator(s) were suffering injury.

28. Prior to September 28, 2018, Defendant Lime knew or should have known that it had been advised by its employees, agents, and contractors, including juicers and maintenance repair personnel, as well as by operators of scooters deployed by Defendant Lime, that the scooters deployed by Defendant Lime were susceptible to, and suffering from, cracking and other structural failures resulting in, among other things, baseboards breaking or separating at or near where the operator stands and injury to the operator(s).

29. Prior to September 28, 2018, Defendant(s) Lime and/or Defendant Doe(s), with knowledge, either actual or constructive, of the fact that scooters deployed by Defendant(s) Lime and/or Doe(s) were defective and/or susceptible to, and suffering from, cracking and other structural failures resulting in, among other things, baseboards breaking or separating at or near where the operator stands and injury to the operator(s), and knowing that the scooters had been recalled

and/or banned in many locations, failed or otherwise refused to cease the practice of deploying scooters in Franklin County, Ohio, and elsewhere.

30. On or prior to September 28, 2018, Defendant Lime and/or Defendant Doe(s) knew or should have known the nature and magnitude of the danger and harm associated with the potential injuries and harm resulting from prior incidents of structural failure and the use of the scooters by foreseeable users such as Plaintiff.

31. On September 28, 2018, Plaintiff, was the operator of a scooter deployed and/or maintained and/or repaired by Defendant(s) Lime and/or Doe(s).

32. Plaintiff began operation of the scooter at or near the intersection of Olentangy Street and Indianola Avenue in Columbus, Franklin County, Ohio.

33. Plaintiff's use and operation of the scooter deployed and maintained by Defendant (s) Lime and Doe(s) was exactly as he was required and expected to do so.

34. Shortly after Plaintiff began operating the scooter in Columbus, Franklin County, Ohio, the scooter suffered a structural failure.

35. After traveling a very short distance in Columbus, Franklin County, Ohio, the scooter suffered a structural failure.

36. The scooter provided to Plaintiff was defective and/or defective within the meaning and application of The Products Liability Act, Ohio Revised Code §2307.71 through §2307.80.

37. Breaking or suffering a structural failure is not to, or should not, occur while the operator is riding the scooter.

38. An operator of a scooter is susceptible to injury if a scooter breaks in two or suffers a structural failure while being operated.

39. It is foreseeable that the user of a scooter that sufferers a structural failure such as the baseboard breaking will be injured.

40. At the time the scooter deployed and maintained by Defendant(s) Lime and/or Doe(s) broke in two Plaintiff was thrown from the scooter, suffering serious injuries.

41. The injuries suffered by Plaintiff resulted from the structural failure of the defective scooter deployed by Defendant Lime and/or Defendant Doe(s).

42. The injuries suffered by Plaintiff required surgery including the placement of internal fixation devices in his leg/ankle.

43. As the result of the injuries suffered by Plaintiff, medical expenses in excess of Forty Thousand and 00/100 Dollars ($40,000.00) were incurred.

44. As the result of the injuries suffered by Plaintiff, Plaintiff incurred additional damages including, but not limited to the loss of income and the impairment of Plaintiff's earning capacity.

45. As the result of the injuries suffered by Plaintiff it is expected that he will incur additional medical bills in the future and will suffer a permanent impairment.

46. On or about December 17, 2018, Plaintiff gave Defendant Lime notice of the injury and claim related to the structural failure of the scooter and breaking of the baseboard.

47. Upon receipt of notice of the claim and dispute concerning the structural failure of the scooter and breaking of the baseboard, as well as the injury to Plaintiff, Defendant Lime assigned claim number 0928MS to Plaintiff's claim.

**COUNT ONE:**

48. Plaintiff incorporates herein by reference each and every statement and allegation of paragraphs one (1) though forty-seven (47) above.

49. On or prior to September 28, 2018, Defendant Doe(s) individually, independently and/or while acting within the course and scope of his/her/their employment and/or agency with Defendant Lime, was/were negligent in the performance of his/her/their duties and/or were negligent in failing to notice, correct or repair the scooter operated by, and which suffered a structural failure while being operated by, Plaintiff and/or were negligent in deploying the scooter on September 28, 2018.

50. On or about September 28, 2018, Defendant Doe(s) individually, independently and/or while acting within the course and scope of his/her/their employment and/or agency with Defendant Lime, owed a duty to Plaintiff not to negligently perform his/her/their duties and not place or deploy a scooter for use by Plaintiff or others that was susceptible to structural failure or in need of repair or maintenance.

51. Defendant Doe(s) individually, independently and/or while acting within the course and scope of his/her/their employment and/or agency with Defendant

9

Lime, were negligent and/or failed in the performance or fulfillment of his/her/their duty to Plaintiff.

52. The negligent act(s) or omission(s) on the part of or committed or omitted by Defendant Doe(s) while in the course and scope of his/her/their employment with, or as the agent of, Defendant Lime, are imputed to Defendant Lime.

53. The negligent act(s) and omission(s) and/or gross negligence of Defendant Doe(s) individually, independently and/or while acting within the course and scope of his/her/their employment and/or agency with Defendant Lime, were with malice and conscious disregard for the rights and safety of Plaintiff.

54. As the direct and proximate result of the joint and/or several and/or independently and/or imputed negligence of Defendant Doe(s) and Defendant Lime, Plaintiff suffered serious physical injuries, including, but not limited to injury to his ankle requiring surgery and internal fixation; some of said injuries which are and/or may be permanent in nature.

55. As a direct and proximate result of the aforementioned joint and/or several and/or independently and/or imputed negligence and/or gross negligence of Defendant Doe(s) and Defendant Lime, Plaintiff has incurred expenses in excess of Forty Thousand and 00/100 Dollars ($40,000.00) for medical treatment and hospital expenses and may incur additional expenses for medical treatment in the future. Some of said expenses may be subrogated.

56. As a direct and proximate result of the aforementioned joint and/or several and/or independently and/or imputed negligence and/or gross negligence of Defendant Doe(s) and Defendant Lime and resulting injury, Plaintiff has lost or

10

had impaired the use of his physical faculties, suffered pain and mental anguish, embarrassment, humiliation and fright and will continue to suffer same in the future.

57. As a direct and proximate result of the aforementioned joint and/or several and/or independently and/or imputed negligence and/or gross negligence of Defendant Doe(s) and Defendant Lime and resulting injury, Plaintiff has suffered a loss of income and is reasonably expected to suffer a loss of future income and has had his future earning capacity impaired.

## COUNT TWO:

58. Plaintiff incorporates herein the allegations contained in paragraphs one (1) through fifty-seven (57) above as if fully rewritten herein.

59. In the alternative or addition to the aforementioned joint and/or several and/or independently and/or imputed negligence and/or gross negligence of Defendant Doe(s) and Defendant Lime, Defendant Lime was negligent in the hiring, retaining, training and supervising of Defendant Doe(s).

60. Defendant Doe(s) were incompetent and negligent in the performance of his/her/their duties and Defendant Lime should have had actual and/or constructive knowledge of such incompetence and negligence.

61. Defendant Doe(s) and Defendant Lime owed to Plaintiff a duty of care and/or duty which was breached by, among other things:

   a. Failure to devise, implement and follow a proper plan to ensure that scooters in need of repair, maintenance or recall were not placed into service or deployed;

11

    b. Placing into service a scooter in need of repair, maintenance or recall;

    c. Failing to be properly trained, equipped or supervised in the discovery of, and removal from service of, scooters in need of repair or maintenance; and

    d. Failure to warn Plaintiff of the scooter(s) susceptibility to suffering a structural failure.

62. As a direct and proximate result of the aforementioned negligence and/or gross negligence of Defendant Lime and Doe(s) acting jointly and/or severally and/or independently and/or in concert, Plaintiff suffered injuries as set forth and incorporated herein, some of said injuries being permanent in nature.

63. As a direct and proximate result of the aforementioned negligence and/or gross negligence of Defendant Lime and Doe(s), acting jointly and/or severally and/or independently and/or in concert, Plaintiff incurred expenses in medical treatment and hospital expenses as set forth and incorporated herein, and may incur additional expenses for medical treatment in the future. Some of said expenses may be subrogated.

64. As a direct and proximate result of the aforementioned negligence and/or gross negligence of Defendants Lime and Doe(s), acting jointly and/or severally and/or independently and/or in concert, and the resulting injury, Plaintiff has lost or had impaired the use of his physical faculties, suffered pain and mental anguish, embarrassment, humiliation and fright and will continue to suffer in the future.

12

65. As a direct and proximate result of the aforementioned negligence and/or gross negligence of Defendants Lime and Doe(s), acting jointly and/or severally and/or independently and/or in concert, and the resulting injury, Plaintiff has lost income and is reasonably expected to suffer a loss of future income and has had his future earning capacity impaired.

## COUNT THREE:

66. Plaintiff incorporates herein the allegations contained in paragraphs one (1) through sixty-five (65) above as if fully rewritten herein.

67. Defendant Lime and/or Doe(s) was/were negligent in deploying or providing for Plaintiff's use a scooter in an unreasonably dangerous condition.

68. Defendant Lime and/or Doe(s) was/were negligent in deploying or providing for Plaintiff's use a scooter which dangers were not obvious to persons such as Plaintiff.

69. Defendant Lime and/or Doe(s) knew or should have known that the scooter was dangerous to Plaintiff or persons using the scooter.

70. Defendant(s) Lime and Doe(s) were negligent in failing to warn or advise Plaintiff of the danger presented by the scooter or similar scooters and the susceptibility to suffer a structural failure or that it and similar scooters had been subject to recalls for doing so.

71. As a direct and proximate result of the aforementioned joint and/or several negligence and/or gross negligence of Defendant Lime and Defendant Doe(s) Plaintiff suffered serious physical injuries as set forth and incorporated herein; some of said injuries which are and may be permanent in nature.

72. As a direct and proximate result of the aforementioned joint and/or several negligence and/or gross negligence of Defendant Lime and Defendant Doe(s), Plaintiff incurred expenses for medical treatment and hospital expenses as set forth and incorporated herein and may incur additional expenses for medical treatment in the future. Some of said expenses may be subrogated.

73. As a direct and proximate result of the aforementioned joint and/or several negligence and/or gross negligence of Defendant Lime and Doe(s), Plaintiff has lost or had impaired the use of his physical faculties, suffered pain and mental anguish, embarrassment, humiliation and fright and will continue to suffer in the future.

74. As a direct and proximate result of the aforementioned joint and/or several negligence and/or gross negligence of Defendant Lime and Doe(s) and resulting injury, Plaintiff has lost income and is reasonably expected to suffer a loss of future income and has had his future earning capacity impaired.

**COUNT FOUR:**

75. Plaintiff incorporates herein the allegations contained in paragraphs one (1) through seventy-four (74) above as if fully rewritten herein.

76. In the alternative and/or addition to aforementioned negligence and/or gross negligence, Defendant Lime and/or Doe(s) acting jointly and/or severally and/or individually and/or independently and/or in concert, was/were negligent in failing to use ordinary and reasonable care to maintain and keep the scooter in safe and operational condition and to protect Plaintiff while Plaintiff was operating the scooter.

77. The scooter is not to break in two during operation.

78. As the direct and proximate result of the negligence and/or gross negligence and failure(s) of Defendant Lime and Defendant Doe(s), acting jointly and/or severally and/or independently and/or in concert and/or individually, the scooter suffered a structural failure, broke in two, and Plaintiff suffered serious injury.

79. As a direct and proximate result of the aforementioned failures, omissions and negligence and/or gross negligence of Defendant Lime and/or Defendant Doe(s), acting jointly and/or severally and/or independently and/or in concert and/or individually, Plaintiff suffered serious physical injuries, some of said injuries which are and may be permanent in nature.

80. As a direct and proximate result of the aforementioned failures, omissions and negligence and/or gross negligence of Defendant Lime and/or Defendant Doe(s), Plaintiff incurred medical expenses for medical treatment and hospital expenses and may incur additional expenses for medical treatment in the future. Some of said expenses may be subrogated.

81. As a direct and proximate result of the aforementioned failures, omissions and negligence and/or gross negligence of Defendant Lime and/or Defendant Doe(s), and the resulting injury, Plaintiff has lost the use of his physical faculties, suffered pain and mental anguish, embarrassment, humiliation and fright and will continue to suffer in the future.

82. As a direct and proximate result of the aforementioned failures, omissions and negligence and/or gross negligence of Defendant Lime and/or Defendant Doe(s), and resulting injury, Plaintiff has lost income and is reasonably

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 14 3:08 PM-20CV006063

expected to suffer a loss of future income and has had his future earning capacity impaired.

## COUNT FIVE

83. Plaintiff incorporates herein the allegations contained in paragraphs one (1) through eighty-two (82) above as if fully rewritten herein.

84. Defendant Lime and/or Defendant Doe(s) is/are a principal distributor(s) and/or manufacturer(s) and/or supplier(s) of the type of scooter being operated by Plaintiff at the time of his injury.

85. Defendant Lime represents in its advertising, on its web site, and elsewhere, among other things, that the design and operation of the scooters it deploys is safe.

86. Defendant Lime and/or Defendant Doe(s) deployed a defective and unsafe scooter that caused the injury to Plaintiff when the scooter suffered a structural failure.

87. At the time Plaintiff was operating the defective scooter deployed by Defendant Lime and/or Defendant Doe(s), Plaintiff was using the product in the manner in which it was intended.

88. As a direct and proximate result of the aforementioned failures, omissions and/or negligence and/or gross negligence of Defendant Lime and/or Defendant Doe(s), acting jointly and/or severally and/or independently and/or in concert and/or individually, Plaintiff suffered serious physical injuries, some of said injuries which are and may be permanent in nature.

89. As a direct and proximate result of the aforementioned failures, omissions and/or negligence and/or gross negligence of Defendant Lime and/or Defendant Doe(s), acting jointly and/or severally and/or independently and/or in concert and/or individually, Plaintiff incurred medical expenses for medical treatment and hospital expenses and may incur additional expenses for medical treatment in the future. Some of said expenses may be subrogated.

90. As a direct and proximate result of the aforementioned failures, omissions and/or negligence and/or gross negligence of Defendant Lime and/or Defendant Doe(s), acting jointly and/or severally and/or independently and/or in concert and/or individually, and the resulting injury, Plaintiff has lost the use of his physical faculties, suffered pain and mental anguish, embarrassment, humiliation and fright and will continue to suffer in the future.

91. As a direct and proximate result of the aforementioned failures, omissions and/or negligence and/or gross negligence of Defendant Lime and/or Defendant Doe(s), acting jointly and/or severally and/or independently and/or in concert and/or individually, and the resulting injury, Plaintiff has lost income and is reasonably expected to suffer a loss of future income and has had his future earning capacity impaired.

## COUNT SIX

92. Plaintiff incorporates herein the allegations contained in paragraphs one (1) through ninety-one (91) above as if fully rewritten herein.

93. As a direct and proximate result of the defective manufacture of the scooter by Defendant Lime, who is/was at all pertinent times herein a manufacturer or

17

supplier as defined in RC § 23017.71, Plaintiff sustained the injuries, and suffered the damage(s) and loss(es), described herein above and incorporated herein by reference.

94. Plaintiff is expected to continue to suffer said injury, damage and loss into the future.

## COUNT SEVEN

95. Plaintiff incorporates herein the allegations of paragraphs one (1) through ninety-four (94) as if fully rewritten herein.

96. As a direct and proximate result of the failure to warn or instruct as to the susceptibility of structural failure, including the breaking of the baseboard also known as the foot platform, of the scooter by Defendant Lime, who is/was at all pertinent times herein a manufacturer or supplier as defined in RC § 23017.71, Plaintiff sustained the injuries, and suffered the damage(s) and loss(es), described herein above and incorporated herein by reference.

97. Plaintiff is expected to continue to suffer said injury, damage and loss into the future.

## COUNT EIGHT

98. Plaintiff incorporates herein the allegations of paragraphs one (1) through ninety-seven (97) as if fully rewritten herein.

99. The scooter deployed by Defendant Lime and/or Defendant Doe(s) and operated by Plaintiff was defective due to nonconformance with the representations made by Defendants.

18

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Sep 14 3:03 PM-20CV006076

100. The scooter did not conform to the representations made by Defendant(s) that it was safe and fit for the purpose to which Plaintiff would use the scooter and that it would not suffer a structural failure.

101. As a direct and proximate result of the nonconformance with the representations made, Plaintiff sustained the injuries, and suffered the damage(s) and loss(es), described herein above and incorporated herein by reference.

102. 100. Plaintiff is expected to continue to suffer said injury, damage and loss into the future.

**WHEREFORE,** Plaintiff, Moshe Scheinbach, demands judgment as follows:

Judgment against Defendants, Neutron Holdings Inc. dba Lime and John Doe(s), jointly and severally, or in the alternative individually, for (i) compensatory and punitive damages as provided in §2307.79 of The Products Liability Act, Ohio Revised Code §2307.71 through §2307.80; and/or (ii) in an amount in excess of Twenty Five Thousand and 00/100 Dollars ($25,000.00) as compensatory damages and, where appropriate, in an amount in excess of Twenty Five Thousand and 00/100 Dollars ($25,000.00) as punitive damages, plus attorneys' fees, pre and post judgment interest, and Plaintiff's expenses and costs of this action.

Respectfully submitted,

**HARRIS, MCCLELLAN, BINAU & COX, P.L.L.**

/S/ Garth G. Cox
Garth G. Cox, of counsel
Ohio Sup. Ct. Attorney Reg. No. 0017677
GCox@HMBC.com
37 West Broad Street, Suite 950
Columbus, Ohio 43215

19

Phone:  (614) 464-2572
Telefax: (614) 464-2245

And

**Barkan Meizlish DeRose
Wentz McInerney Peifer, LLP**

*/s/ Jason C. Cox*
Jason C. Cox (0095169)
Sanford A. Meizlish (0002620)
250 East Broad Street, 10th Floor
Columbus, Ohio 43215
Phone:  (614) 221-4221
Fax:  (614) 744-2300
smeizlish@barkanmeizlish.com
jcox@barkanmeizlish.com

And

**Heit Law, LLC**

*/s/ R. Corey Heit*
R. Corey Heit  (0091996)
647 Park Meadow Rd. Suite M
Westerville, Ohio 43081
Phone: (614) 898-5300
Fax:  (877) 811-1374
Cheit@heitlawllc.com


*Attorneys for Plaintiff, Moshe Scheinbach*


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with 8 jurors as to all issues in this action.


*/s/ Jason C. Cox*
Jason C. Cox (0095169)

**In the Court of Common Pleas, Franklin County, Ohio, General Division**

Moshe Scheinbach
_____,
Plaintiff/Appellant,

vs.                                                    Case No._____

Neutron Holdings, Inc. dba Lime,
_____,
Defendant/Appellee,

**Civil Case Filing Information Summary**

**Type of Action/Case Classification:**

_____ **Professional Tort (Type A)**      **X** _____ **Product Liability (Type B)**
($225.00 Security Deposit Required)           ($225.00 Security Deposit Required)

_____ **Other Torts (Type C)**            _____ **Workers Compensation (Type D)**
($225.00 Security Deposit Required)           ($225.00 Security Deposit Required)

_____ **Foreclosure (Type E)**            _____ **Administrative Appeal (Type F)**
($300.00 Security Deposit Required)           ($100.00 Security Deposit Required)

_____ **All Other Civil Cases (Type H)**  _____ **Cognovit Confession of Judgment (H)**
($225.00 Security Deposit Required)           ($100.00 Security Deposit Required)

**JURY DEMAND?**  **Yes**                     **Total Security Deposit $** 525.00
($300.00 Additional Security Deposit Required)  (Yes or No)

Is a **TEMPORARY RESTRAINING ORDER** being requested at this time?  **No**
                                                                    (Yes or No)

Is this a case in which **ALL** the issues presented are a result of the
defendant(s) having signed and defaulted on a **COGNOVIT NOTE?**    **No**
                                                                    (Yes or No)

Is this a **FORCIBLE ENTRY AND DETAINER** case?                     **No**
                                                                    (Yes or No)

Does this case include allegations of **CONSUMER SALES PRACTICES**
**ACT** violations under Chapter 1345 or any other statutory consumer
protection provision of the Ohio Revised Code?                      **No**
                                                                    (Yes or No)

**Refiling Information:**

If this is a **REFILING** of a previously dismissed case, please complete the following:

Previous Case No. _____      Original Judge _____

_____      _____
Attorney/Party Signature                      Attorney Ohio Sup. Ct. Registration No.

_____      _____
Attorney/Party Name (Type or Print)           Telephone Number

_____      _____
Mailing Address                               Facsimile Number

_____
City                    State    Zip Code